IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA  DIVISION


EDDIE HALE                                                                         PLAINTIFF

vs.                                              Civil No. 4:07-cv-04103

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

      Eddie Hale ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the  Commissioner  of  the  Social  Security  Administration  ("SSA")  denying  his  applications  for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

      Plaintiff filed his applications for DIB and SSI on September 5, 2003.  (Tr. 54-56).  Plaintiff

alleged he was disabled due to a severe skin rash.  (Tr. 74).  Plaintiff alleged an onset date of  April

1, 1990, which was later amended to September 5, 2003.  (Tr. 65, 211).  These applications were

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this
case are referenced by the designation "Tr."

1

initially denied  and were denied again on reconsideration.  (Tr. 36-49, 141-145).  On March 17, 2004, Plaintiff requested an administrative hearing on his applications.  (Tr. 159).  The hearing was held on December 4, 2004, in Texarkana, Arkansas.  (Tr. 252-274).  The ALJ rendered a decision on April 28, 2005, finding Plaintiff was not disabled within meaning of the Act at anytime during the relevant time period.  (Tr. 146-161).  The Appeals Council granted Plaintiff's Request for Review, and on September 13, 2005,the Appeals Council remanded the case to the ALJ for further development of the record concerning Plaintiff's skin disorder.  (Tr. 162-165).

On October 3, 2006, the ALJ conducted a supplemental hearing in Texarkana, Arkansas. (Tr. 217-235).  Plaintiff was present and represented by Stanley Brummel, at this hearing.  *See id.* Plaintiff  testified at this hearing.  *See id.*  Vocational Expert ("VE") William Elmore was present but did not testify at this hearing.  *See Id.* On the date of the hearing, Plaintiff was fifty-four (54) years old, and had a high school education.  (Tr. 221).

On February 23, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for  DIB and SSI.  (Tr. 14-23).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 1990. (Tr. 17, Finding 2).  The ALJ determined Plaintiff had the severe impairments of chronic atopic eczema/dermatitis, hypertension, and asthma. (Tr. 17, Finding 3).  The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 17, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 17-22, Finding 5).  The ALJ indicated he evaluated

these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.929 and 20 C.F.R. § 404.1529(c). (Tr. 18).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 17, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift-carry and push-pull at least 50 pounds occasionally and 25 pounds frequently; with the ability to stand and/or walk at least 6-8 hours in an 8-hour workday and the ability to sit at least 6-8 hours in an 8-hour workday.

(Tr. 17, Finding 5). *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 22, Findings 6, 10). Based on the Medica-Vocational Guidelines, the ALJ found Plaintiff "not disabled" based upon Plaintiff's age, education, and previous work experience. (Tr. 22, Finding 10). The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 23, Finding 11).

On April 5, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.984(b)(2). On October 5, 2007, the Appeals Council declined to review this determination. (Tr. 6-8). On November 8, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7, 8). The parties consented to the jurisdiction of this Court on November 30, 2007. (Doc. No. 4).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination; (B) the ALJ erred in his finding that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (C) the ALJ erred in failing to obtain a medical source statement regarding the effects of Plaintiff's impairments as required by the Appeals Council remand order. In response, Defendant argues: (A) substantial evidence supports the  ALJ's RFC determination; (B) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (C) the ALJ was not required to obtain a medical source statement regarding the effects of Plaintiff's impairments.

Plaintiff argues he does not have the RFC for the full range of medium work and there is not substantial evidence to support such a finding by the ALJ. Plaintiff argues the ALJ erred by failing

to include Plaintiff's environmental limitations in his RFC determination.  Defendant argues the ALJ's determination that Plaintiff has the RFC for the full range of medium work is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"  *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  The ALJ also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel.  *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th  Cir. 2004).  The ALJ is responsible for developing the record because the social security hearings are non-adversarial.  *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

If the ALJ properly determines that a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Grids and is not required to

hear the testimony from a VE.  However, the ALJ may not apply the Grids, and must hear testimony

from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation.  *See*

*McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability

to meet the demands of jobs other than the strength demands."   20 C.F.R. § 404.1569a(a).

Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty

functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or

concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing

or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or

fumes); or (7) difficulty performing the manipulative or postural functions of some work such as

reaching, handling, stooping, climbing, crawling, or crouching.  *See* 20 C.F.R. § 404.1569a(c)(1)

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden,

and not the Commissioner's burden, to prove functional capacity.  *See Stormo v. Barnhart,* 377 F.3d

801, 806 (8th Cir. 2004).   The ALJ found Plaintiff had the RFC for the full range of medium work.

(Tr. 23).  Based on the finding that Plaintiff could perform the full range of medium work, the ALJ

did not seek the testimony of a VE to support his RFC determination.  I find the ALJ erred in his

RFC determination.

According to Plaintiff, his skin disorder was the result of having worked as a welder.  (Tr.

227-228).  Plaintiff testified pus-filled sores and scales covered much of his body, including his legs

and penis, and that he could not use a public restroom because of the pus that would be left on the

commode.  (Tr. 199).  Plaintiff also experienced sores on his feet to the point that he could not wear

socks.  (Tr. 203, 206, 230).   Plaintiff described a daily routine which included at least three

lukewarm oatmeal baths to control itching and repeated application of topical ointments.  (Tr. 226,

7

231).  Plaintiff testified he kept his nails cut very short and wore gloves on his fingers at night to minimize the damage that would result from his scratching.  (Tr. 229).  Plaintiff indicated in the summer his sores were filled with pus and consistently soiled his clothing.  (Tr. 203).  In the winter, Plaintiff's sores would scale over and itch, which required increased application of ointment.  (Tr. 231).

On October 5, 2005, Plaintiff was examined by Dr. Hayden Franks.  (Tr. 186-187).  Dr. Franks indicated Plaintiff suffered from lichenification and hyperpigmentation covering 60% of his body. (Tr.187).  Dr. Franks described Plaintiff's skin sores as "ulcers" and noted his sores were "bleeding." (Tr. 186).  Dr. Franks diagnosed Plaintiff with chronic atopic eczema.  (Tr. 187).  Dr. Franks felt it was chronic condition that could not be cured.  (Tr.187).  Dr. Franks concluded Plaintiff was most likely debilitated from his current disease in spite of his current treatment regimen.  (Tr. 187).

Plaintiff was examined on November 17, 2006, by Dr. Adam Stibich.  (Tr. 188-189).  Dr. Stibach's examination revealed "scaly plaques" and hyperpigmentation covering 30% of Plaintiff's body.  (Tr. 188).  Dr. Stibich diagnosed Plaintiff's skin condition as atopic dermatitis.  (Tr. 188). Dr. Stibach noted Plaintiff's current treatment regimen, as ordered by Dr. Franks, was causing a possible improvement in his condition.  (Tr. 188).

Plaintiff testified at the administrative hearing regarding the effects of temperature on his skin disorder.  (Tr. 224, 231).  This testimony was consistent with the findings on Plaintiff's RFC assessment performed on February 24, 2004.  (Tr. 125).  This assessment found Plaintiff should avoid concentrated exposure to cold, heat, wetness, humidity, fumes, orders and dust.  (Tr. 125). Further, the ALJ found Plaintiff suffered from the severe impairment of asthma.  (Tr. 17).

It should also be noted that the initial decision by the ALJ, which was issued before the

8

Appeals Council remand order, included multiple environmental limitations including avoidance to temperature extremes, humidity, and respiratory irritants.  (Tr. 157).

After reviewing the record, this Court finds that the ALJ's RFC determination is not supported by substantial evidence because the existence of nonexertional limitations should be included in any decision regarding the Plaintiff's RFC.  When the ability to perform a full range of work for a particular exertional level is compromised by the existence of nonexertional limitations, the ALJ is required to consult a VE regarding the effect of those limitations on the availability of work.  *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998).

This matter should be remanded for the purpose of addressing Plaintiff's nonexertioanl limitations and if needed, the testimony of a VE regarding the effect of those limitations have on the availability of work.  The ALJ should also inquire of both Dr. Franks and Dr. Stibich their opinions as to the extent of the limitations experienced by Plaintiff as a result of his skin disorder.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **16th day of March, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE